UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re: Subpoena Issued to
General Cable Corporation,     Case No. 1:13-mc-10

    Movant,     Spiegel, J.
        Bowman, M.J.

**MEMORANDUM ORDER**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, movant and non-party General Cable Corporation ("General Cable") has moved this Court to quash a December 14, 2012 subpoena served on it by Commodity Cables, Inc. ("Commodity Cables"), which subpoena seeks information purportedly relevant to litigation pending in the United States District Court for the Northern District of Illinois.  General Cable has filed two "affidavits of service," both of which reflect personal service of its motion to quash on Commodity Cables on the dates of February 11 and 12, 2013, through service on Cheryl Frazier, a corporate officer, and on Fred Rescigno, Jr., identified as the registered agent of Commodity Cables.   In addition to personal service on Commodity Cables, General Cable represents that it transmitted its motion by electronic delivery and via regular U.S. Mail to David Abramowitz of Locke Lord LLP.  Mr. Abramowitz is counsel for Commodity Cables, Inc. in the underlying action to which the disputed subpoena pertains, *see Anixter Inc. v. Commodity Cables, Inc.*, Northern District of Illinois Case No. 1:11-cv-02684.  Despite these multiple methods of service, Commodity Cables has failed to file any response to the motion to quash, and its time for doing so has now expired.

1

The undersigned has reviewed General Cable's 17-page motion and memorandum in support of its motion to quash, as well as the additional 71 pages of attached exhibits, and finds the motion to be well-taken for the reasons stated therein. The undersigned further has examined the current docket sheet of the underlying litigation in order to confirm the general representations made by General Cable pertaining to that litigation, including but not limited to the fact that it is neither a plaintiff nor defendant in the ongoing Illinois case.  Because the disputed subpoena seeks irrelevant evidence, would subject General Cable to an undue burden, and calls for the production of confidential and proprietary business information, including confidential trade secrets, General Cable's motion should be granted.

Accordingly, **IT IS ORDERED HEREIN**:

1. General Cable's motion to quash the December 14, 2012 subpoena issued to it by Commodity Cables (Doc. 1) is **GRANTED** in full, with the subpoena to be rendered void and of no effect by this Order;

2. As no further matters remain pending, this miscellaneous matter shall be terminated from the active docket.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
